**Frank CARLINO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21891.**

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1968.

Gary M. Sirbu, Oakland, Cal., (argued), for appellant.

Ronald S. Morrow (argued), Asst. U.S. Atty., William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty.,

Chief Criminal Division, Los Angeles, Cal., for appellee.

## OPINION

Before MERRILL and CARTER, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM:

The appeal is from a conviction for violation of the Dyer Act (18 U.S.C. § 2312) growing out of the rental of a 1966 Ford in Los Angeles, California, and subsequent transportation to Tennessee, Alaska and Nevada.

The issues as to appellant's intent and as to when and where he decided to steal the car were before the jury and decided adversely to appellant by its verdict.

The prosecutor announced he was calling the witness who was the keeper of records at a penal institution. Objection followed, and the prosecutor explained out of the presence of the jury that he was offering proof of prior offenses of a similar nature on the issue of intent. The trial judge refused to admit such testimony, but instructed the jury to disregard the prosecutor's statement made in the presence of the jury.

No error occurred. Convictions for prior offenses of a similar nature are admissible on the issue of intent. The appellant was in a more favorable position than he would have been had the priors been offered and received in evidence against him.

There is no merit to the venue argument. The jury could infer and find, from appellant's possession of the car in other states shortly after its rental, that he transported the car out of California. They likewise could find from the evidence that appellant intended to steal the car at the time he signed the rental agreement in Los Angeles.

The jury was charged with respect to exculpatory statements, later shown to be false. No objection was made to the instruction. Such statements and their falsity appear in the record. There was no error.

Finally appellant was not denied effective assistance of counsel in connection with counsel's request for authority for travel expense and subsistence on a proposed trip to Alaska. The supplemental transcript disposes of this contention.

The judgment of conviction is affirmed.