**James Elmer SWIFT, Petitioner-Appellant,**

v.

**COMMANDANT, UNITED STATES DISCIPLINARY BARRACKS, Respondent-Appellee.**

No. 203-70.

United States Court of Appeals, Tenth Circuit.

April 13, 1971.

Jonathan M. Landers, Lawrence, Kan., for appellant.

Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Swift is an inmate in the United States Penitentiary at Leavenworth, having been convicted in 1965 by a military court of unpremeditated murder. The conviction was affirmed by a United States Air Force Board of Review and by the Court of Military Appeals. In 1968, Swift filed a petition for a writ of habeas corpus, which was denied. In 1970, appellant petitioned for a second habeas corpus writ. The petition alleged numerous constitutional infirmities in the court martial and also tacitly urged that under O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d

---

291 (1969), the military court had no jurisdiction.

Excepting the argument on jurisdiction, each contention presented in the second petition is a repetition of those previously advanced. The Order dismissing the original petition conclusively reflects that the same grounds were there determined adversely to Swift and that the prior determination was on the merits. No useful purpose would be served to again consider the alleged constitutional infirmities. 28 U. S.C. § 2244; Queen v. Page, 362 F.2d 543 (10th Cir. 1966).

The crime for which appellant stands convicted occurred in Germany. The act was committed in a hotel which was off the Air Force base and transpired while Swift was not in uniform and during off-duty hours. The jurisdictional argument is that O'Callahan is on all fours with the instant case so as to destroy the military court's jurisdiction to try Swift. The identical issue here posed has been decided adversely to appellant in Hemphill v. Moseley (10th Cir. 1971).

Affirmed.