Thomas T. SWISHER, Plaintiff-Appellant,

v.

R. I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, Defendant-Appellee.

No. 114-70.

United States Court of Appeals, Tenth Circuit.

May 24, 1971.

Peter H. Ney, Englewood, Colo., for plaintiff-appellant.

Michael A. Katz, Captain, East St. Louis, Ill., JAGC (Robert J. Roth, U. S. Atty., Edward H. Funston, Asst. U. S. Atty., and Arnold I. Melnick, Lieutenant Colonel, Washington, D. C., JAGC, with him on the brief), for defendant-appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In August, 1958, a military court-martial found appellant, a member of the armed forces, guilty of robbery, assault with intent to commit murder, assault with intent to commit rape, and interstate transportation of a stolen motor vehicle. His petition for grant of review was denied by the Court of Military Appeals, 10 U.S.M.C.A. 699. He has presented numerous petitions for post-conviction relief. See Swisher v. United States, W.D.Mo., 211 F.Supp. 917, vacated, 8 Cir., 326 F.2d 97; Swisher v. United States, W.D.Mo., 237 F.Supp. 921, and Swisher v. United States, W.D.Mo., 239 F.Supp. 182, both affirmed, 8 Cir., 354 F.2d 472; and Swisher v. U. S. Department of Justice, 10 Cir., decided February 4, 1970, opinion unpublished.

In the present habeas petition he seeks relief from that portion of the sentence relating to the interstate transportation of the stolen automobile and claims that the offense was not service connected because the crossing of the

state line occurred off of the military reservation where he was stationed. The same point was raised in a habeas petition filed with the Court of Military Appeals, 19 U.S.M.C.A. 624, and denied on the ground that the transportation had its inception on a military reservation. The federal court habeas petition was denied on the same ground. We agree with both the Court of Military Appeals and the district court.

The robbery, the assaults, and the theft of the car were all committed on the military base at Fort Jackson, South Carolina, by the appellant when he was a private first class in the United States Army. The victim was on the post to visit her husband who was stationed there. After stealing the car, the appellant drove it from the post to Shalotte, North Carolina.

Appellant attacks the jurisdiction of the court-martial on the ground that a violation of the Dyer Act, 18 U.S.C. § 2312, is cognizable only in the civil courts. The charge considered by the court-martial was not a violation of the Dyer Act but rather of Article 134 of the Uniform Code of Military Justice, which covers "crimes and offenses not capital, of which persons subject to this chapter may be guilty." See also 10 U.S.C. § 934.

■ The military courts had jurisdiction if the offense is service connected. O'Callahan v. Parker, 395 U.S. 258, 272, 89 S.Ct. 1683, 23 L.Ed.2d 291. Appellant argues that there is no service connection because one of the elements of the crime is the crossing of a state line and that such crossing occurred off of the reservation. In the federal civilian courts an offense may be prosecuted in the district where it was begun, con-tinued, or completed. 18 U.S.C. § 3237. Dyer Act convictions have been upheld when the prosecution was in the district where the car was stolen. See Carlino v. United States, 9 Cir., 390 F.2d 624, and Penny v. United States, 4 Cir., 154 F.2d 629. The same principle has been applied by the Court of Military Appeals in United States v. Crapo, 18 U.S.M.C.A. 594, in upholding a court-martial conviction when a robbery was commenced on a military reservation and completed in a civilian community. In the case at bar the offense had its inception on the military base where the car was stolen.

■ The controlling question is whether the theft of the car was service connected. Our case differs from O'Callahan v. Parker, supra, where the offense was committed on American territory off post by a soldier on leave. In Relford v. Commandant, U. S. Disciplinary Barracks, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102, the Supreme Court held that a court-martial has jurisdiction to try an offense which was committed by a serviceman on a military post and which violated the security of a person or property. We believe that the case at bar comes within the principles announced in Relford. The offense was committed on post by a serviceman and against a person who was properly on the post. It affected the security of the post, the responsibility of the commander to preserve order, and the maintenance of military discipline. We are convinced that the facts sustain military jurisdiction. See Hemphill v. Moseley, 10 Cir., 443 F.2d 322, and Swift v. Commandant, United States Disciplinary Barracks, 10 Cir., 440 F.2d 1074.

Affirmed.