FILED
United States Court of Appeals
Tenth Circuit

June 23, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

ARI BROWN, aka Roger William
Brown,

        Defendant-Appellant.

No. 07-8065

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 07-CR-0067-J)**

---

Terry J. Harris, Terry J. Harris, P.C., Cheyenne, WY, for Defendant-Appellant.

Gregory A. Phillips, Assistant United States Attorney (John R. Green, Acting
United States Attorney, with him on the brief), Cheyenne, WY, for Plaintiff-
Appellee.

---

Before **HENRY**, Chief Judge, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

**HENRY**, Chief Judge.

---

Ari Brown pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The plea agreement stipulated that Mr. Brown would receive either five or ten years' imprisonment, dependent upon whether the sentencing court treated his previous conviction under Article 134 of the Uniform Code of Military Justice (UCMJ) as a predicate sentence-enhancer under § 2252A. The court ultimately sentenced Mr. Brown to ten years' imprisonment.

On appeal, Mr. Brown argues that the sentencing court erred by treating his UCMJ conviction as a predicate enhancer under § 2252A. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and because: (1) Mr. Brown's previous conviction was under Article 134, and not 18 U.S.C. § 2252; (2) the plain language of § 2252A does not include UCMJ Article 134 convictions as sentence-enhancers; and (3) applying the plain language of the statute would not lead to an irrational result, we reverse the district court's imposition of a ten-year sentence.

## I. BACKGROUND

In December 2006, Mr. Brown knowingly possessed a computer that contained images of child pornography. Each digital image had been mailed, shipped, or transported in interstate commerce. In April 2000, Mr. Brown, previously a member of the military, was convicted of similar crimes while stationed at Fort Campbell, Kentucky. Mr. Brown was charged with, among other things, four violations of the UCMJ Article 134 (codified at 10 U.S.C. § 934).

2

The only charge that was not dismissed alleged that Mr. Brown violated UCMJ Article 134 when he, while on active duty: "[v]iolated 18 U.S.C. § 2252 by wrongfully distributing one or more visual depictions of a minor engaging in sexually explicit conduct." Rec. vol. II, Doc. 35, at 23. The Charge Sheet and Court-Martial Order show that the actual charge and conviction was "VIOLATION OF THE UCMJ, ARTICLE 134." Rec. vol. II, doc. 35, at 18, 23. Mr. Brown pleaded guilty to this charge.

In relation to the December 2006 crime, Mr. Brown was initially indicted in federal district court for four felony counts of possession of child pornography, in violation of § 2252A(a)(5)(B), and a fifth felony count of failure to register and update registration in violation of the Sex Offender Registration and Notification Act. Mr. Brown eventually entered into a plea agreement stipulating that he would plead guilty to Count Four of the indictment (possession of child pornography), and further stipulating to a sentence of either five or ten years' imprisonment, depending upon how the sentencing court treated his prior UCMJ Article 134 conviction. The plea agreement stated that Mr. Brown "should be sentenced to a term of 5 years if his prior April 7, 2000 conviction at Fort Campbell, Kentucky, does not qualify as a prior conviction for purposes of 18 U.S.C. § 2252A(b)(2). If, on the other hand, [Mr. Brown]'s prior . . . conviction . . . does qualify as a prior conviction for purposes of 18 U.S.C. § 2252A(b)(2) he agrees and stipulates to a sentence of 10 years imprisonment." Rec. vol. II, doc.

3

33, at 8. The determination regarding whether the prior conviction qualified as a sentence-enhancer was to be left to the discretion of the district court.

The Probation Office completed its pre-sentence investigation report ("PSR") and determined that an Article 134 conviction did not qualify as a sentence-enhancing prior conviction under § 2252A(b)(2). The probation officer mainly relied upon the plain language of the statute of § 2252A. Section 2252A(b)(2) provides for an enhanced sentencing range of no less than ten years' imprisonment if the defendant:

> *has a prior conviction under this chapter* [18 U.S.C. §§ 2251 *et seq.*], chapter 71 [18 U.S.C. §§ 1460 *et seq.*], chapter 109A [18 U.S.C. §§ 2241 *et seq.*], or chapter 117 [18 U.S.C. §§ 2421 *et seq.*], or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography . . . .

18 U.S.C. § 2252A(b)(2) (emphasis added). The probation officer noted that had Congress meant to include Article 134 convictions, it could, and would, have done so explicitly. *See* Rec. vol. 5, at 9, ¶ 23 ("[T]he fact that Congress listed certain statutes is an indication that it intended to exclude unlisted statutes.") (quoting *United States v. Stuckey*, 220 F.3d 976, 985 (8th Cir. 2000)).

The sentencing court rejected the probation officer's recommendation, concluding that Mr. Brown's Article 134 conviction did qualify as a sentence-enhancing prior conviction because to read § 2252A otherwise "makes the text of

4

that statute absurd." Rec. vol. III, at 32. In accordance with the plea agreement, the court sentenced Mr. Brown to 120 months' (ten years') imprisonment.

## II. DISCUSSION

We review a district court's legal determination regarding sentencing *de novo*. *United States v. Flanders*, 491 F.3d 1197, 1217 (10th Cir. 2007). On appeal, Mr. Brown argues that his prior conviction under UCMJ Article 134 is not included under § 2252A as a sentence-enhancer, because (1) UCMJ Article 134 convictions resulting from assimilation of crimes enumerated in § 2252 are not prior convictions under that chapter, but are convictions under Article 134; (2) the statute's plain language indicates that it was not meant to be included; and (3) not including Article 134 convictions is neither absurd nor irrational. We will address these arguments in turn.

### A.    Mr. Brown was indicted and convicted under UCMJ Article 134

UCMJ Article 134 provides:

Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, *all conduct of a nature to bring discredit upon the armed forces*, and crimes and offenses not capital . . . shall be punished at the discretion of [a court-martial].

10 U.S.C. § 934 (emphasis added).

There is no specific military code for the particular crime of which Mr.

5

Brown was found guilty. Instead, he was convicted under clause 3 of Article 134 ("all conduct of a nature to bring discredit upon the armed forces . . .") which is something of a catchall provision. In order to convict Mr. Brown, the military court assimilated the elements of the crime from § 2252 – a federal child pornography statute.

Again, § 2252A(b)(2) mandates that prior convictions "under *this* chapter" count as sentence-enhancers. The government argues that when a UCMJ Article 134 clause 3 conviction results from assimilation of a crime enumerated in § 2252, it is "a prior conviction under *this* chapter" for purposes of sentence-enhancement. For the following reasons, we disagree.

Mr. Brown's prior conviction is for a violation of Article 134 – the catchall provision – and not § 2252. First, we are persuaded by the plain and ordinary meaning of the phrase "under this chapter." We agree with the Fourth Circuit that to be convicted "under" a statute, has a clear meaning. *See Escobar v. United States Immigration & Naturalization Serv.*, 935 F.2d 650, 653 (4th Cir. 1991). In this case, it means "governed by" or "subject to" § 2252. "Contrary to [the government]'s contention, it does not mean 'as defined by' or 'related or akin to'" § 2252. *Id.* The D.C. Circuit has also rejected a "creative reading" of "under," concluding that the word means "subject to" or "by reason of the authority of." *St. Louis Fuel & Supply Co. v. FERC*, 890 F.2d 446, 450 (D.C. Cir. 1989). Mr. Brown's previous military convictions were obtained "by reason of the authority

6

of" UCMJ Article 134, not § 2252.

Second, we look to previous courts' answers to the question. In *United States v. Almendarez*, 46 C.M.R. 814, 817 (1972), the military court instructed that "[i]n military courts, as opposed to district courts of the United States, prosecution in these cases [assimilating crimes] *is for violation of Article 134* and not of the United States Code section directly." (emphasis added). Although Mr. Brown's Charge Sheet and the resulting General Court-Martial Order contain "specifications" referring to acts in violation of § 2252, the Charge Sheet shows that the actual charge and conviction was "VIOLATION OF THE UCMJ, ARTICLE 134." Rec. vol. II, doc. 35, at 18. In addition, the Court-Martial Order reads: "Charge II: Article 134. Plea: Guilty. Finding: Guilty." *Id.* at 23-24.

The United States Air Force Court of Criminal Appeals has categorized an analogous conviction as under Article 134. *See United States v. Sanchez*, 59 M.J. 566 (2003) ("At a general court-martial . . . a military judge sitting alone convicted the appellant . . . of two violations of Article 134, UCMJ, 10 U.S.C. § 934. . . . [T]he second offense involved possession of 23 visual depictions of child pornography, contrary to 18 U.S.C. § 2252A(a)(5)(A)."). This classification is consistent with the court's instruction in *Almendarez,* above.

Further, the conclusion that the conviction is for Article 134 and not § 2252 is consistent with our previous holding in *Swisher v. Moseley*, 442 F.2d 1331 (10th Cir. 1971). In *Swisher*, an Army private maintained that the court-martial

7

did not have jurisdiction, because a violation of the Dyer Act, 18 U.S.C. § 2312, is only cognizable in civilian courts. We held that the court-martial did in fact have jurisdiction over Mr. Swisher's case, because his conviction "was not a violation of the Dyer Act, but rather of Article 134 of the Uniform Code of Military Justice." *Id*. at 1332. We see no reason why we should not extend this logic to Mr. Brown's case.

The government argues that this case should instead be controlled by *United States v. Martinez*, 122 F.3d 421, 422-24 (7th Cir. 1997), which held that a prior UCMJ Article 130 conviction for "housebreaking" qualifies as a predicate violent felony under the Armed Career Criminals Act (ACCA). The ACCA provides that "burglary" is a prior violent felony for purposes of sentence-enhancement. The Seventh Circuit held that because the elements of "housebreaking" under the UCMJ and "burglary" were identical, "housebreaking" qualifies as a violent felony under the ACCA.

The government urges us to apply the same logic here: because the elements of the enumerated sentence-enhancer (§ 2252A) and the elements proven to convict Mr. Brown were identical, under the guidance of *Martinez*, we should find his UCMJ conviction to qualify as a sentence-enhancer. While the Seventh Circuit's reasoning is quite appealing and may be particularly relevant to Article 130, we do not find it as compelling as the unequivocal statements in *Almendarez* and *Swisher* that in military courts, prosecution and convictions are under Article

8

134.

Therefore, as *Almendarez* directs and as is consistent with *Swisher*, we hold that Mr. Brown's conviction was under Article 134 and not § 2252, whose elements were assimilated into the charge.

## B.    Plain language

Having determined that Mr. Brown's conviction was under Article 134, we must determine whether Congress included such convictions in its list of § 2252A's predicate sentence-enhancers. "We begin with the plain language of the statute. . . . When confronted with clear and unambiguous statutory language, our duty is simply to enforce the statute that Congress has drafted." *United States v. Ortiz*, 427 F.3d 1278, 1282 (10th Cir. 2005). The language of § 2252A does not expressly include convictions under UCMJ Article 134 as a sentence-enhancer. Further, the probation officer who prepared the PSR, as well as Mr. Brown, argue that Congress's choice to explicitly include UCMJ Article 120 and to exclude Article 134 is proof that Article 134 is not included. The government claims that adding Article 120 "simply made it more clear still that prior military convictions for violating the enumerated federal sexual offenses (including 18 U.S.C. §2252A) had *already* been covered." Aple's Br. at 12. We are inclined to agree with Mr. Brown's reliance on the plain language.

Under the doctrine of *expressio unius est exclusio alterius*, "to express or

9

include one thing implies the exclusion of the other." BLACK'S LAW DICTIONARY 620 (8th ed. 2004). "'[T]he notion is one of negative implication: the enumeration of certain things in a statute suggests that the legislature had no intent of including things not listed or embraced.'" *Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1034 (10th Cir. 2003) (quoting WILLIAM N. ESKRIDGE, JR., PHILIP P. FRICKEY, & ELIZABETH GARRETT, CASES AND MATERIALS ON LEGISLATION: STATUTES AND THE CREATION OF PUBLIC POLICY 824 (3d ed. 2001)).

Congress chose to include Article 120 of the UCMJ, but not Article 134, under which Mr. Brown was convicted. Had Congress meant to include prior Article 134 convictions as sentence-enhancers, it could have easily done so explicitly. *See e.g.*, *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 454 (2002) (holding that where Congress has listed some categories of people as to successor liability under 26 U.S.C. § 9706(a), those not included in the list are not liable because Congress could have included them "clearly and explicitly"). The sentencing judge ruled that Mr. Brown's interpretation of the statute was an attempt to "write[] out of that law [§ 2252A] the language that provides 'or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography['] if that conviction occurs in a military court in violation . . . of any article of the Uniform Military Code of Justice." Rec. vol. III, at 30. But this language can – and should be – read more precisely. The

10

language the sentencing judge quoted is preceded by "under the laws of any State relating to . . . the production, [etc . . . ]." § 2252A. This portion of the statute, therefore, does not refer to a violation of "any article of the [UCMJ]," but rather refers only to *a State's* laws. Although Article 134 is a catchall provision, Congress *could* have done what it did with State laws, and included "any UCMJ violation relating to the . . . possession . . . of child pornography." "Congress knows how to use more inclusive language for sentence enhancement purposes when it so choses." *Stuckey*, 220 F.3d at 985.

Because Congress amended the statute to include violations of the UCMJ and did not include Article 134, nor UCMJ violations relating to child pornography generally, we must agree with Mr. Brown that the plain language does not support the district court's interpretation.

## C.    Not including Article 134 is neither absurd nor irrational

Although Mr. Brown seems to have the better of the plain language argument, the government asks us not to apply the plain language as it would result in an unjust outcome. We will look beyond the plain language of a statute *only* if the result is an absurd application of the law. *See, e.g.*, *Robbins v. Chronister*, 402 F.3d 1047, 1050 (10th Cir. 2005) ("[W]here applying the plain language 'would produce an absurd and unjust result which Congress could not have intended,' we need not apply the language in such a fashion.") (quoting

11

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 574 (1982)).  The government

argues that not to include Article 134 in the list of sentence-enhancing prior

convictions would be absurd, because "[a] review of the amendments to 18 U.S.C.

§ 2252[A] (beginning in 1978) reveals steadily increasing minimum and

maximum penalties, as well as a steadily increasing list of offenses qualifying as

enhancers for later violations of that statute."  Aple's Br. at 9.

We disagree.  Applying the plain language of § 2252A does not produce an

absurd or irrational result.  Congress may have made its decision for several

reasons or may not have considered the point.  Mr. Brown points out that

Congress may have left out Article 134 convictions as a recognition of the fact

that convictions under the UCMJ are the product of a military justice system

fundamentally, and necessarily, different than civilian courts.  *O'Callahan v.*

*Parker*, 395 U.S. 258, 261-62 (1969), *overruled on other grounds by Solorio v.*

*United States*, 483 U.S. 435, 436 (1987).  Because of the unique interests specific

to military service, military defendants are not offered the same constitutional

protections as civilians.  *See, e.g.*, *Dodson v. Zelez*, 917 F.2d 1250, 1253 (10th

Cir. 1990) (no Sixth Amendment right to jury trial); *Solorio*, 483 U.S. at 453 (no

grand jury requirement).

But Congress did not find that these concerns outweighed the importance of

including Article 120 convictions as predicate enhancers.  The question then

becomes whether Congress had a rational reason to include convictions under

12

Article 120 but not those under UCMJ 134 as Section 2252A enhancers. At least three possible answers are obvious from the record. First, UCMJ 134 is a catchall provision. It can assimilate the elements of crimes having nothing to do with child pornography (the offense for which § 2252A is concerned). Convictions under Article 134 are simply too wide-ranging to be included, *in toto*, as enhancers under § 2252A. Second, Article 120 and Article 134 differ in that Article 120 protects against the most serious sexual crimes. Article 120 covers rape, rape of a child, aggravated sexual assault, and similar violent sexual acts. *See* 10 U.S.C. § 920 (2008). Congress could have quite rationally desired that soldiers convicted in a court martial for those types of offenses be punished more severely for later offenses. Finally, Congress has been incrementally adding to the list of enhancers under § 2252A through the rational and precise mechanism of expanding the list of Article 120 offenses. Over the past two decades, Congress has recategorized various sexual offenses as offenses punishable under Article 120. *Compare* 10 U.S.C. § 920 (1995), *with id.* (2006), *with id.* (2008). Whereas in the past these sexual offenses would have been punishable under the catchall of Article 134 (or another provision of the UCMJ), now they are cognizable under Article 120 – and therefore eligible to be used as enhancers under § 2252A. *See* Pub. L. 109-163 § 552 (eff. Oct. 1, 2007) (adding rape, rape of a child, aggravated sexual assault of a child, etc... to the list of offenses under UCMJ Article 120).

Whatever Congress's motivation, "we can apply the [absurdity] doctrine only when it would have been unthinkable for Congress to have intended the result commanded by the words of the statute . . . ." *Robbins*, 435 F.3d at 1241. Although we need not – and cannot – determine Congress's precise reason for not including Article 134 convictions in the list of sentence-enhancers, we can safely conclude that it was not unthinkable for Congress to have intended this result.

Thus, we agree with Mr. Brown that it would not have been absurd or irrational for Congress to decline to include Article 134 convictions as sentence-enhancers under § 2252A.

### III. CONCLUSION

Accordingly, because: (1) Mr. Brown's previous conviction was under Article 134, and not § 2252; (2) the plain language of § 2252A does not include UCMJ Article 134 convictions as sentence-enhancers; and (3) applying the plain language of the statute would not lead to an irrational result, we REVERSE the district court's imposition of a ten-year sentence and REMAND for re-sentencing pursuant to the plea agreement.