Wilson, Paul D., J.
John Doe appeals from a final order of the Sex Offender Registry Board (“SORB”) classifying him as a level two sex offender based on his conviction under Article 134 of the Uniform Code of Military Justice. The central issue in this appeal is whether Doe’s conviction under Article 134 constitutes a “like violation” analogous to G.L.c. 272, §29C, obligating him to register as a sex offender in Massachusetts. See G.L.c. 6, §178C. Because his conviction does not qualify as a like violation, Doe’s Motion for Judgment on the Pleadings will be allowed and an order will enter reversing the classification order of the SORB.
Background
On March 9, 2012, Doe pleaded guiliy in a court martial proceeding to violating Article 134.[1] Article 134 states:
Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses, not capital, of which persons subject to this chapter may be guiliy, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.
Art. 134, Uniform Code of Military Justice, 10 U.S.C. §934. After serving a short sentence in a military stockade, Doe was given a bad conduct discharge.
Doe later moved to Massachusetts. On August 9, 2012, Doe was informed of his obligation to register as a sex offender, and administrative proceedings before the SORB followed.
SORB determined that Doe was required to register as a level two sex offender because his conviction under Article 134 is a “like violation” analogous to possession of child pornography in violation of G.L.c. 272, §29C. That statute provides:
Whoever knowingly . . . possesses a . . . depiction by computer, of any child whom the person knows or reasonably should know to be under the age of 18 years . . . and such child is . . . actually or by simulation engaged in any act of sexual intercourse . . . or . . . sexual contact . . . or depicted or portrayed in any pose, posture, or setting involving a lewd exhibition of the unclothed genitals, pubic area, buttocks, or, if such person is a female, a fully or partially developed breast of the child; with knowledge of the nature or content thereof shall be punished . . .
G.L.c. 272, §29C.
Analysis
“A ‘like violation’ is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts.” Doe No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010). “(T]he ‘like violation’ requirement [is] satisfied where it is shown that the proof necessary for the out-of-State conviction would also warrant a conviction of a Massachusetts offense for which registration is required.” Id. at 616.
[T]he determination whether an offense from another jurisdiction is a “like violation” is defined . . . in terms of offenses and not conduct. The board cannot transform a crime that does not involve sexual conduct into a registerable offense by examining the acts underlying the conviction. It is not sufficient that the offender may have engaged in behavior that falls within one of the crimes listed in the registration statute, but was then convicted of a non-sexual crime.
Id. at 619.
The starting point for a “like violation” analysis is the foreign statute that the offender was convicted of violating. In this case, that statute, Article 134, establishes three distinct offenses: the military crimes of (1) “disorders and neglects to the prejudice of good order and discipline in the armed forces”; (2) “conduct of a nature to bring discredit upon the armed forces”; and (3) “crimes and offenses, not capital, of which persons subject to this chapter may be guilty.” See generally United States v. Medina, 66 M.J. 21 (U.S. Court of Appeals for the Armed Forces 2008); Manual for Courts-Martial, United States pt. IV, ¶ 60.b (2005 ed.), cited in Medina, 66 M.J. at 25.
SORB has taken inconsistent positions as to which of these three offenses it believes Doe pleaded guilty to. In her decision, the SORB Hearing Examiner referred to the first two of these three offenses, “administratively notfing]” in a footnote that “the elements of a crime under Article 134, UCMJ are (1) that the accused did or failed to do certain acts as described in the charging document (the specification) and (2) that, under the circumstances, the accused’s conduct was to the prejudice of good order and discipline in the *622 armed forces or was of a nature to bring discredit upon the armed forces.” SORB decision dated December 7, 2012 (the “Decision”) at 4 n.l, citing to an earlier edition of the Manualfor Courts-Martial, United States. In SORB’s opposition to Doe’s motion for judgment on the pleadings, however, SORB’s lawyer now argues that Doe’s offense “qualifies under clause 3" of Article 134. Opposition at 7.
In reviewing a decision of an administrative agency under M.G.L.c. 30A, §14, the starting point is the text of the administrative decision, not the agency’s after-the-fact interpretation of that decision. Therefore I determine that SORB ruled that the offense that it found to be a “like violation” analogous to G.L.c. 272, §29C was “conduct... to the prejudice of good order and discipline in the armed forces or ... of a nature to bring discredit upon the armed forces.”
1. Clauses 1 and 2 of Article 134
Those first two clauses of Article 134 turn on elements that do not establish a violation of G.L.c. 272, §29C. Neither disorders and neglects to the prejudice of good order in the armed forces, nor conduct of a nature to bring discredit upon the armed forces, requires possession of child pornography, as is required for conviction under G.L.c. 272, §29C.
“Although the registration statute is not a criminal statute, criminal penalties are authorized for sex offenders who fail to register within two days of moving to the Commonwealth. Thus, it is essential to provide notice and clarity about whether registration is required.” Doe No. 151564, 456 Mass. at 618 (citations omitted). Those who offend in other jurisdictions get the benefit of this “notice and clarity” only if the crimes to which they plead guilty “have elements [that] are the same or nearly the same as one of the listed Massachusetts offenses,” said the Commonwealth’s highest court in explaining how the “like violation” statute must be applied. Id. at 619.
But a person serving in the military who pleads guilty to the crimes of “conduct... to the prejudice of good order and discipline in the armed forces or... of a nature to bring discredit upon the armed forces” under Article 134 “would not have notice that, by pleading guilty to a crime that does not require proof of sexual conduct, he or she would be required to register as a sex offender upon establishing residency in Massachusetts.” Id. at 619. Applying the “rule of lenity,” and resolving any ambiguities in the “like violation” provision against SORB, as I am required to do by Doe No. 151564, 456 Mass. at 618,1 find that a violation of clauses 1 or 2 of Article 134 and a violation of G.L.c. 272, §29C are not “like violation[s].”
2. Clause 3 of Article 134
In its Opposition to Doe’s motion for judgment on the pleadings, SORB points instead to the third clause of Article 134, arguing that the phrase “crimes and offenses, not capital, of which persons subject to this chapter may be guilty” refers to any federal crime, and the elements of that federal crime are assimilated into the Article 134 offense. As a result, SORB contends, Doe’s Article 134 conviction was a defacto conviction under the federal law criminalizing the possession of child pornography, 18 U.S.C. §2252, and therefore a like violation because of the similarities between section 2252 and G.L.c. 272, §29C. There are several problems with this position.
First, as pointed out above, SORB’s Decision focused on clauses 1 and 2 of Article 134, not clause 3, as the “like violation.” See Decision at 4 n. 1. The SORB Hearing Examiner did not rule that clause 3 of Article 134 criminalizes a “like violation” to G.L.c. 272, §29C, and thus the SORB Decision itself makes this SORB argument irrelevant.
Second, even if SORB had ruled that clause 3 of Article 134 was the “like violation,” that clause, too, is not “like” G.L.c. 272, §29C in any way. Clause 3 criminalizes “crimes and offenses, not capital, of which persons subject to this chapter may be guilty.” SORB itself rightly refers to this language as a “catchall provision.” Opposition at 8, quoting United States v. Brown, 529 F.3d 1260, 1264 (10th Cir. 2008). A serviceman pleading guilty to “crimes and offenses, not capital, of which persons subject to this chapter may be guilty” would have no notice that his guilty plea would later require him to register as a sex offender upon his arrival in Massachusetts. Therefore he would be denied the “notice and clarity about whether registration is required” that is his right under Doe No. 151564, 456 Mass. at 619.
Third, there is no merit to SORB’s contention that the proper focus of the “like violation” analysis is the federal child pornography statute, 18 U.S.C. §2252, rather than Article 134.[2] SORB begins with Brown, 529 F.3d at 1264, which, according to SORB’s brief, says that the elements of an underlying offense are assimilated into a charge under Article 134. Opposition at 7-8. SORB next asserts that Doe “pled guilty to committing the following conduct: possession of child pornography in violation of 18 U.S.C. §2252. (R.).” Id. at 8. SORB then completes its argument by asserting that the Hearing Examiner “considered the elements of the federal sex offense and concluded that they were equivalent to the Massachusetts sex offense.” Id.
This argument misstates both what Doe pleaded guilty to, and what the Hearing Examiner actually did. As to Doe’s offense, SORB’s empty record citation quoted above is significant, because in fact Doe pleaded guilty to “possession of child pornography,” Administrative Record at 48, with no mention of 18 U.S.C. §2252.
Just as Doe did not plead guilty to violating 18 U.S.C. §2252, the Hearing Examiner did not compare “the elements of the federal sex offense,” 18 U.S.C. §2252, to the elements of the Massachusetts sex offense, G.L.c. 272, §29C, and “conclude that they *623 were equivalent,” as SORB now asserts. Opposition at 8. To the contrary, the SORB Decision makes no mention of 18 U.S.C. §2252. Rather than comparing the elements of that federal criminal statute to the elements of the state child pornography statute, the Hearing Examiner instead simply considered whether Doe’s acts would be punishable under the state statute. Specifically, the Hearing Examiner stated: “For purposes of the [like violation] analysis, the focus is upon the acts that the offender did (or failed to do) as outlined in the specification . . .” Decision at 5 n.2.
This application of the “like violation” language is diametrically opposed to the interpretation of that statute required by the Supreme Judicial Court. In Doe No. 151564, the court made clear that, in deciding whether an offense in another jurisdiction is a “like violation,” SORB is not “permit[ted] [to make] inquiry into the facts supporting a conviction in another jurisdiction.” Doe No. 151564, 456 Mass, at 619. Instead, the focus is on the elements of the offense: “[t]he offender must be convicted of a crime of which the elements are the same or nearly the same as one of those listed Massachusetts offenses.” Id. “[B]oth statutory formulations [must] prohibit essentially the same conduct.” Commonwealth v. Bell, 83 Mass.App.Ct. 82, 87 (2013). This principle ensures fidelity to the rule that “a ‘like violation’ is . . . defined in terms of offenses and not conduct.” Doe No. 151564, 456 Mass. at 619.
In fact, in Doe No. 151564, the Supreme Judicial Court pointed out how the legislature’s intent would be thwarted, and the due process rights of out-of-state offenders would be endangered, were the courts to adopt the practice that SORB espouses here. The court noted that a person charged with indecent assault and battery, if convicted in Massachusetts, would have to register as a sex offender. But if that Massachusetts offender were to enter into a plea agreement that required him to plead guilty instead to simple assault and battery, the Massachusetts offender would not have to register, because that crime is not a sex offense.
The Supreme Judicial Court then compared that hypothetical Massachusetts offender, who would not have to register with SORB, to an identically-situated out-of-state offender who entered into the very same plea agreement. If SORB were legally permitted to do what it did in today’s case—"focus ... on the acts that the offender did," Decision at 5 n.2, rather than the elements of the crime to which he had pleaded guilty— then SORB could require this out-of-state offender to register as a sex offender, even though he would not have to register if he had committed the same acts, and then pleaded guilty to the same crime, in Massachusetts. Doe No. 151564, 456 Mass, at 619 n.4. Moreover, this offender, who pleaded guilty to a nonsexual offense in another jurisdiction, would have no way of knowing that he would commit a crime if he failed to register as a sex offender within two days of moving to Massachusetts. Id. at 619.
3. Summary
No matter which of the three prongs of Article 134 Doe was convicted of violating, his Article 134 offense contains no overlapping elements with G.L.c. 272, §29C. The law of Massachusetts, as explained by its highest court in Doe No. 151564, does not permit SORB to rely on the facts of Doe’s offense to transmute his conviction under Article 134, by its terms a nonsexual crime, into a conviction for a sexual crime under 18 U.S.C. §2252, especially when that statute went unmentioned in both the military prosecution and in the SORB Decision.
The federal appeals court decision on which SORB relies actually suggests the same result. United States v. Brown, 529 F.3d 1260 (10th Cir. 2008), concerned the child pornography prosecution under 18 U.S.C. §2252 of a then-civilian who had a prior conviction under Article 134 for, while on active duty, “[v]iolat[ing] 18 U.S.C. §2252 by wrongfully distributing one or more visual depictions of a minor engaged in sexually explicit conduct.” Id. at 1262. The issue in Brown was whether the earlier Article 134 conviction—which, unlike the alleged “like violation” in today’s case, expressly assimilated 18 U.S.C. §2252—should be counted, for purposes of sentence enhancement, as “a prior conviction under this chapter [18 U.S.C. §2251 et seq.].” Id., citing 18 U.S.C. §2252A(b)(2). The Tenth Circuit ruled that the earlier conviction could not be used to enhance the offender’s sentence, because “Mr. Brown’s prior conviction is for a violation of Article 134—the catchall provision—and not §2252.” Brown, 529 F.3d at 1263.
Doe’s conviction under the broad, catchall terms of Article 134 did not provide him with adequate notice to him of his obligation to register. Because Doe has not been convicted of a sex offense for the purposes of G.L.c. 6, §178C, SORB has no jurisdiction to classify him as a sex offender.[3]
Conclusion and Order
For the foregoing reasons, Doe’s Motion for Judgment on the Pleadings is ALLOWED. An order shall enter terminating Doe’s obligation to register, and dismissing the SORB’s classification proceedings for lack of jurisdiction.

The charge arose from a fellow soldier finding child pornography on Doe’s personal computer.

SORB asserts, and I will assume for the sake of argument, that a conviction for violating 18 U.S.C. §2252 would constitute a “like violation” analogous to a violation of G.L.c. 272, §29C.

Doe raises other constitutional objections to his classification. Because I must decide in his favor as to the “like violation” issue, and because of the doctrine of constitutional avoidance, seeAshwanderv. TennValleyAuth, 297U.S. 288, 347 (1936), I do not reach Doe’s remaining arguments.