[850 NE2d 661, 817 NYS2d 614]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN KENNEDY, Appellant.

Argued May 3, 2006; decided June 6, 2006

POINTS OF COUNSEL

*Muldoon & Getz,* Rochester (*Gary Muldoon* of counsel), for appellant. I. The 2002 amendment to the Sex Offender Registration Act is inapplicable to appellant, whose offense date preceded the effective date of the amendment. (*Matter of Coram v Board of Examiners, Sex Offender Registry of State of N.Y.,* 195 Misc 2d 392; *Doe v Pataki,* 120 F3d 1263.) II. The lesser-included offense that appellant was convicted of is not a "sex offense" within the meaning of the Sex Offender Registration Act. (*People v Gonzalez,* 61 NY2d 586; *Matter of Nadel,* 188 Misc 2d 427; *People v Millan,* 295 AD2d 267; *People v Hicks,* 155 Misc 2d 209.) III. As a matter of law, appellant's classification level is no greater than level one. (*Matter of New York State Bd. of Examiners of Sex Offenders v Ransom,* 249 AD2d 891; *People v Brown,* 7 AD3d 831; *People v Madlin,* 302 AD2d 751; *People v Bell,* 3 Misc 3d 773; *People v Paulman,* 5 NY3d 122; *People v Damiano,* 87 NY2d 477.)

*Michael C. Green, District Attorney,* Rochester (*Margaret A. Jones* of counsel), for respondent. The Fourth Department correctly affirmed the trial court's determination that defendant is a level two sex offender under Megan's Law. (*Matter of Coram v Board of Examiners, Sex Offender Registry of State of N.Y.,* 195 Misc 2d 392; *Doe v Pataki,* 120 F3d 1263; *Matter of Booth v Clary,* 83 NY2d 675; *People v Benjamin,* 22 NY2d 723.)

*Brenna & Brenna, PLLC,* Rochester (*Donald G. Rehkopf, Jr.,* of counsel), for New York State Association of Criminal Defense Lawyers, amicus curiae. I. As applied to appellant under the circumstances of this case, he was denied the constitutional process that he was due. (*Harner v County of Tioga,* 5 NY3d 136; *People v David W.,* 95 NY2d 130; *People v Brooksvasquez,* 24 AD3d 644; *People v Santi,* 3 NY3d 234; *United States ex rel. Toth v Quarles,* 350 US 11; *Doe v Pataki,* 120 F3d 1263, 3 F Supp 2d 456.) II. This Court should exercise its supervisory authority and remand this case to County Court with instructions to supplement the record with the necessary documentation to decide this case in a fundamentally fair way, so as to provide necessary and appropriate guidance for courts and counsel in cases involving military convictions. (*Corkum v Bartlett,* 46 NY2d 424; *McNabb v United States,* 318 US 332; *Matter of Sanford v Rockefeller,* 35 NY2d 547; *People v David W.,* 95 NY2d 130; *Doe v Pataki,* 120 F3d 1263, 3 F Supp 2d 456.)

**OPINION OF THE COURT**

ROSENBLATT, J.

Ten years ago, the Legislature enacted the Sex Offender Registration Act (SORA),[1] which required certain sex offenders to register with the Division of Criminal Justice Services within 10 calendar days after discharge from incarceration, parole or other release (Correction Law § 168-f). The legislation created procedures to weigh the threat posed by the offender's release and classifications geared to the offender's risk level. SORA contemplates three levels of risk, from level one (the lowest) to level three, with reporting requirements increasing for each level (Correction Law § 168-*l* [6] [a]-[c]). A five-member Board of Examiners of Sex Offenders is charged with the responsibility for developing risk assessment guidelines and recommending to a sentencing court the risk level involved upon the release of an offender (Correction Law § 168-*l*).

Pursuant to Correction Law § 168-a (2) (d), certain defendants convicted of sex offenses in other jurisdictions must register as sex offenders in New York.[2] The case before us involves the application of this subsection to defendant's United States Navy court-martial, following which the Board recommended, and County Court determined, that he be classified a level two sex offender under Correction Law § 168-a (2) (d) (ii). We agree with defendant that this determination must be vacated.

Defendant was convicted in 2000 by a general court-martial under a generic provision in the Uniform Code of Military Justice prohibiting, among other things, "all conduct of a nature to bring discredit upon the armed forces" (10 USC § 934). Within the general statutory provision, defendant seems to have been convicted of the specific regulatory offense of "indecent assault." The Navy apparently sentenced defendant to a bad

---

1. L 1995, ch 192, § 2, eff Jan. 21, 1996, codified in Correction Law § 168 *et seq.*

2. That section defines a registerable sex offense as

"a conviction of (i) an offense in any other jurisdiction which includes all of the essential elements of any such crime provided for in paragraph (a), (b) or (c) of this subdivision or (ii) a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred or, (iii) any of the provisions of 18 U.S.C. 2251, 18 U.S.C. 2251A, 18 U.S.C. 2252, 18 U.S.C. 2252A, or 18 U.S.C. 2260, provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense as of the date on which this subparagraph takes effect." (Correction Law § 168-a [2] [d].)

conduct discharge and reduction in pay grade, but no fine or term of imprisonment.[3]

Because the record in this case is incomplete and sometimes inconsistent, we cannot be certain as to the basis of defendant's conviction. One document before us, apparently from the regional commander, indicates that defendant's conviction was for "indecent assault" under the general provision in 10 USC § 934. The crime has also been described as a lesser-included offense under the military crime of rape (10 USC § 920). Contrastingly, a separate postconviction report from the military prosecutor, closer in time to the trial, suggests that defendant was convicted of ordinary assault (10 USC § 928). Furthermore, we have not been furnished with an authoritative description of the elements of "indecent assault." A single page in the record, neither dated, titled, nor authenticated, purports to list the elements, but does not indicate whether those elements are legally prerequisite to the offense. Nevertheless, for purposes of this decision, we will assume that defendant violated 10 USC § 934, that his crime was indecent assault and that the elements of indecent assault are as described in *United States v Watson* (31 MJ 49, 53 [CMA 1990]):

> "(1) [t]hat the accused assaulted a certain person not the spouse of the accused in a certain manner;
>
> "(2) [t]hat the acts were done with the intent to gratify the lust or sexual desires of the accused; and
>
> "(3) [t]hat, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces . . . ." (Emphasis omitted.)

The Appellate Division held that the military crime of indecent assault satisfies the requirements in Correction Law § 168-a (2) (d) (ii) (mandating registration for those convicted of "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which

---

**3.** The record is not entirely clear as to the final sentence imposed upon defendant. The People refer to a "General Court-Martial Order No. 1-01," issued by the Commander, Navy Region Northeast as the final official statement of defendant's conviction and sentence. That document, however, was issued more than a year after the trial and cannot be analogous to a verdict sheet. It refers on its face to a transfer of the case records to the "Navy-Marine Corps Appellate Review Activity," with no explanation as to why, or as to what happens at that level.

the conviction occurred"). Even though military law does not classify offenses as felonies or misdemeanors, the Court reasoned that indecent assault is a federal felony and that defendant was required to register as a sex offender with naval authorities. We granted defendant leave to appeal and now reverse.

Correction Law § 168-a (2) (d) specifies particular federal crimes that require registration (*see* § 168-a [2] [d] [iii]); undisputedly, indecent assault is not among them. The section also mandates that the offender register if the crime of conviction in the other jurisdiction "includes all of the essential elements of any such crime provided for" in the statutory sections referring to convictions obtained in New York (§ 168-a [2] [d] [i]).

The People have conceded that they are not relying on that subsection, but solely on section 168-a (2) (d) (ii), which provides that an offender must register when convicted of "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (§ 168-a [2] [d] [ii]). There are two elements to this subsection: first, the underlying offense must be a felony; second, the offender must be required to register as a sex offender in the other jurisdiction as a result of that conviction.

As to the first element, the People argue that indecent assault can result in a sentence of up to five years' imprisonment, and is therefore equivalent to a federal felony (*see* 18 USC § 3559 [a] [4] [labeling crimes punishable by from 5 to just under 10 years' imprisonment class D felonies]).

Assuming that indecent assault qualifies as a felony within the meaning of our statute, County Court's determination fails because the second element of section 168-a (2) (d) (ii) requires that the conviction result in the offender's obligation to register in the "other jurisdiction," i.e., where defendant was convicted— here, the United States Navy. The People argue that Secretary of the Navy Instruction 5800.14 obligates defendant to register with the Navy. It does not. This "Instruction" is a notification order directed to "All Ships and Stations"; by its own terms, it places responsibility to provide notification not on the offender but on the Assistant Secretary of the Navy (Manpower and Reserve Affairs), the Navy Personnel Command, the Commandant of the Marine Corps, the "Convening Authority or Convening Authority's Designee" for each court-martial, the Naval Criminal Investigative Service and the Judge Advocate General of the Navy.

The People have presented no evidence of any kind suggesting that naval sex offenders must register with the Navy or have any ongoing obligation to keep the Navy informed of their whereabouts once they leave the service. Furthermore, the People have presented no evidence that the Navy or Department of Defense maintains any registry or equivalent database; if there is no registry, there can be no registration and no registrants. Because the People have not shown that defendant ever had any obligation to register with the other jurisdiction, they have not met the second statutory requirement for registration in New York.

On the state of this record, we are unprepared to say whether, in a new proceeding, the People may be able to sustain a declaration that defendant must register in New York. Unless amended, section 168-a (2) (d) (ii) might not apply to any military convictions and we agree with our concurring colleague's suggestion that the Legislature examine the issue. We note, however, that section 168-a (2) (d) (i) remains available (even for military offenders) if the People can prove the crime of conviction in the other jurisdiction includes all of the essential elements provided for in the New York statutes described in that subsection.

The order of the Appellate Division should be reversed, without costs, and defendant's adjudication as a sex offender annulled.

GRAFFEO, J. (concurring). I agree with the reversal in this case based on a plain language analysis of Correction Law § 168-a (2) (d). But because I do not believe that the Legislature intended to exclude certain military courts-martial premised on sex crimes from the reach of the Sex Offender Registration Act (SORA), I write separately to highlight the need for legislative reconsideration.

The statute at issue—Correction Law § 168-a (2) (d)— designates several categories of New York residents who must register under SORA if they have been convicted of particular crimes in other jurisdictions. Registration is required for enumerated federal offenses (see Correction Law § 168-a [2] [d] [iii]) and for an offense in another jurisdiction that contains the same "essential elements" as a New York crime that is registerable under SORA (Correction Law § 168-a [2] [d] [i]). As the Court notes, neither of these categories is implicated here. Rather, the People claim that defendant is covered by subdivi-

sion (2) (d) (ii), which requires registration for "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred."

Pursuant to this provision, the crucial inquiry is whether the jurisdiction where defendant was convicted of a felony required registration as a sex offender for that crime. It is apparent from the record in this case that the United States Navy does not have a registry of sex offenders similar to those maintained by the states.[1] Instead, Navy regulations, promulgated under the directives of Congress and the Secretary of Defense (*see* Pub L 105-119, tit I, § 115 [a] [8] [C], 111 US Stat 2466), merely require naval personnel to establish a program for notifying a jurisdiction that a discharged individual who relocates to that state has been subject to a court-martial for a qualifying sex offense (*see* Secretary of Navy Instruction 5800.14).[2] Notification, however, is not akin to registration and without a formal registration requirement, a court-martial based on any of the offenses delineated in the Secretary's Instruction is not encompassed within the ambit of Correction Law § 168-a (2) (d) (ii). Consequently, New York's SORA does not mandate that de-

---

**1.** All 50 states have some type of sex offender registration system (*see e.g. Smith v Doe*, 538 US 84, 90 [2003]). For a comprehensive list of each state's registration requirements, penalties for failure to properly register and relevant enabling legislation, *see* Westlaw 50 State Surveys, Surveys of Criminal Laws, Sex Offender Registration (West 2006).

**2.** According to this instruction, "[c]onvictions of any of the following offenses punishable under the Uniform Code of Military Justice (UCMJ) shall trigger requirements to notify State and local law enforcement agencies and to provide information to inmates concerning sex offender registration requirements": rape; carnal knowledge; forcible sodomy; sodomy of a minor; conduct unbecoming an officer involving any sexually violent offense or a criminal offense of a sexual nature against a minor or kidnapping of a minor; prostitution involving a minor; indecent assault; assault with intent to commit rape; assault with intent to commit sodomy; indecent act with a minor; indecent language to a minor; kidnapping of a minor by a person other than a parent; indecent exposure committed in the presence of a minor, depositing obscene materials involving minors in the mail and pandering involving minors; conduct prejudicial to good order and discipline involving any sexually violent offense or a criminal offense of a sexual nature against a minor or kidnapping of a minor; conviction under federal or assimilated state law for offenses of sexual violence or of a sexual nature against or involving a minor, including the production, possession or transmission of pornography that depicts a minor, or kidnapping a minor; or an attempt, conspiracy or solicitation to commit any of the aforementioned offenses. The Secretary's Instruction was updated in 2005 but the designated offenses were not changed (*see* Secretary of Navy Instruction 5800.14A [May 24, 2005]). Not all of these offenses may be comparable to felony crimes in New York.

fendant register as a sex offender for the indecent assault court-martial under article 134 of the Uniform Code of Military Justice (10 USC § 934), despite the fact that the Secretary of the Navy classifies that offense as one serious enough to warrant notification to state and local law enforcement officials.[3]

Although the technical operation of section 168-a (2) (d) (ii) relieves defendant, and others similarly situated, from registration, this result is inconsistent with the intent of both federal and state law. The Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act (Pub L 103-322, tit XVII, subtit A, § 170101, 108 US Stat 2038, as amended, codified at 42 USC § 14071) expressly provides that "each State . . . shall ensure that procedures are in place to accept registration from . . . residents who were . . . sentenced by a court martial" for a sex offense (42 USC § 14071 [b] [7] [A]).[4] In order to comply with this requirement, the Legislature amended various provisions of SORA to expand its reach (*see* L 2002, ch 11, Governor's Program Bill Mem No. 102, 2002 NY Legis Ann, at 7). This case, however, highlights the existence of a loophole in Correction Law § 168-a (2) (d) (ii) that prevents registration of an individual who is discharged by court-martial for a crime that is specifically classified by the Navy as a sex offense.[5]

It is true that section 168-a (2) (d) (ii) does not allow all court-martialed sex offenders to escape registration since subdivision (2) (d) (i) encompasses crimes in other jurisdictions that have the same "essential elements" as sex offenses under New York's Penal Law. But the extent to which the essential elements standard closes the loophole is far from certain at this juncture because New York appellate courts have not had occasion to examine whether specific sex offenses in the Uniform Code of

---

**3.** While there may be conflicting information in the record regarding the offense for which defendant was court-martialed, he concedes in his brief that he was found to have committed indecent assault.

**4.** Megan's Law, a 1996 amendment to the Wetterling Act, required the states to adopt procedures for notifying a community that a sex offender resides in the area (*see* Pub L 104-145, 110 US Stat 1345).

**5.** As defendant notes in his brief, the elements of indecent assault most closely resemble the New York crime of forcible touching (*see* Penal Law § 130.52) and a conviction of that crime does not require registration in New York (*see* Correction Law § 168-a [2] [a], [b], [c]). Nevertheless, if another jurisdiction classifies forcible touching as a felony for which registration is required, the Legislature has adopted a policy of requiring a person convicted of such an offense who moves into this state to register even though the same conduct committed here would not be registerable (*see* Correction Law § 168-a [2] [d] [ii]).

Military Justice qualify under the essential elements provision.[6] Rather than relegating to the courts of this state the task of determining on a case-by-case basis whether a particular court-martial satisfies the essential elements test—and risking the chance that it will not—the Legislature should examine whether SORA needs to be amended to expressly include courts-martial based on crimes designated by the military as sex offenses.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur with Judge ROSENBLATT; Judge GRAFFEO concurs in a separate opinion.

Order reversed, etc.

---

**6.** *Compare e.g.* Penal Law § 130.25 (2) (sexual intercourse between 21-year-old defendant and victim less than 17 years old constitutes rape in the third degree), *with* 10 USC § 920 (b) and (d) (defining "carnal knowledge" as nonforcible sexual intercourse with a child less than 16 years old, but providing an affirmative defense if the child was at least 12 years old and the perpetrator reasonably believed the child was at least 16 years old).