NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11607

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 34186  <u>vs</u>.  SEX
OFFENDER REGISTRY BOARD.


Worcester.     November 3, 2014. - February 2, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.


<u>Sex Offender</u>.  <u>Sex Offender Registration and Community</u>
<u>Notification Act</u>.  <u>Jurisdiction</u>, Sex offender.  <u>Evidence</u>,
Sex offender.



<u>C</u><u>ivil action</u> commenced in the Superior Court Department on
September 13, 2010.

The case was heard by <u>John S. McCann</u>, J., on a motion for
judgment on the pleadings, and a motion for reconsideration was
considered by him.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


<u>Jennifer K. Zalnasky</u> for the plaintiff.
<u>John R. Puricelli</u> for the defendant.


HINES, J.  After the Sex Offender Registry Board (board)

classified the plaintiff as a sex offender, a judge in the

Superior Court concluded that the board lacked jurisdiction over

the plaintiff because his conviction under art. 134, 10 U.S.C. § 934 (1994), the "general" provision of the Uniform Code of Military Justice (code), was not a "like violation" sex offense requiring registration. See G. L. c. 6, §§ 178C-178P. The board appealed, and we transferred the case from the Appeals Court to this court. We conclude that art. 134, although general in scope, assimilates the elements of underlying offenses and that under the circumstances here, where the plaintiff was convicted on specifications detailing "like violation" offenses, the art. 134 conviction is a sex offense under G. L. c. 6, § 178C. Accordingly, we vacate the judgment and reinstate the board's classification of the plaintiff as a level two sex offender.

1. Factual background and procedural history. We summarize the facts found by hearing examiners after evidentiary hearings, supplemented by undisputed facts from the record. The plaintiff was convicted by general court martial of the following three specifications in violation of art. 134: (1) "Did . . . knowingly transport or ship in interstate commerce visual depictions of one or more minors, under the age of [eighteen] years, engaging in sexually explicit conduct, in violation of [18 U.S.C. § 2252(a)(1)]"; (2) "Did . . . knowingly receive visual depictions of one or more minors, under the age of [eighteen] years, engaged in sexually explicit conduct, which

depictions had been shipped or transported in interstate commerce, in violation of [18 U.S.C. § 2252(a)(2)]"; and (3) "Did . . . knowingly transport in interstate commerce for purposes of sale or distribution, obscene, lewd, lascivious or filthy pictures or images of his penis, in violation of [18 U.S.C. § 1465]."  10 U.S.C. § 934 (1994).

The charge was brought in 1999 after a "sting" operation in which the plaintiff, then a captain of the United States Air Force serving in Portsmouth, New Hampshire, sent lewd comments and images depicting child nudity and children in sexually suggestive poses to a Keene, New Hampshire, police officer.  The police officer was posing as a fourteen year old male in an Internet chat room.  The plaintiff pleaded guilty to the art. 134 charge and to each of the underlying specifications.[1]  The plaintiff was sentenced to confinement for thirty months without pay or benefits and thereafter dismissed from military service.

After the plaintiff's release from confinement in 2000 or 2001,[2] he moved to Massachusetts.  In 2002, the board notified

---

[1] The plaintiff also pleaded guilty to a charge under art. 133 of the Uniform Code of Military Justice (code), concerning "conduct unbecoming an officer and a gentleman."  10 U.S.C. § 933 (1994).  The Sex Offender Registry Board (board) only argues that the art. 134 conviction triggers sex offender registration, and therefore the art. 133 charge is not discussed in this decision.

[2] Although the board asserted that the plaintiff was released from custody in 2001, as a matter of convenience the

the plaintiff of his duty to register as a level two sex offender. Following the plaintiff's appeal and an evidentiary hearing before a hearing examiner, the board upheld the classification. The examiner determined that the specifications underlying the plaintiff's art. 134 conviction were each a "like violation" to sex offenses under G. L. c. 6, § 178C -- specifically, dissemination of child pornography, G. L. c. 272, § 29B; and possession of child pornography, G. L. c. 272, § 29C.[3] The examiner further concluded that the plaintiff poses a moderate risk to reoffend and a moderate degree of dangerousness. The plaintiff did not appeal the hearing examiner's decision.

In July, 2009, the board sought reclassification of the plaintiff's status from level two to level three based on his arrest in April, 2009, for failure to register, enticing a child under the age of sixteen, and disseminating matter harmful to a child. A new hearing examiner, in 2010, also concluded that the specifications underlying the plaintiff's art. 134 conviction were each a "like violation" to Massachusetts sex offenses and

---

hearing examiners accepted the plaintiff's version of events that he was on parole from 2000 to 2001.

[3] The hearing examiner also determined that the specifications underlying the plaintiff's art. 134 conviction were a "like violation" to dissemination or possession of obscene matter, G. L. c. 272, § 29. Because this is not an enumerated sex offense under G. L. c. 6, § 178C, we do not consider it. See note 14, infra.

further concluded that the plaintiff poses a high risk to reoffend and a high level of dangerousness and classified him as a level three sex offender.

The plaintiff appealed the 2010 decision, and a Superior Court judge reversed, ordering the plaintiff's release from the obligation to register as a sex offender. The judge determined that the board lacked jurisdiction over the plaintiff, reasoning that the plaintiff's conviction under art. 134, a "non-specific" provision of the code, is not a "like violation" to a Massachusetts sex offense.[4] In his analysis, the judge also noted that "[m]ilitary defendants in courts-martial are not provided the same constitutional protections as defendants in civilian criminal courts" and requiring the plaintiff to register as a sex offender would be "fundamentally unfair" where he was convicted only under a "non-specific" provision of the code.

The board filed a motion to reconsider, which the judge denied without a hearing, and then appealed both the judgment and the denial of the motion for reconsideration. On appeal,

---

[4] The issue whether the plaintiff's conviction is a "like violation" to Massachusetts sex offenses was resolved in 2002 by the hearing examiner, and was not appealed by the plaintiff. Although judicial review of an agency's action is subject to a thirty-day filing limitation, we consider the merits of the question because the hearing examiner in 2010, on a request for reclassification filed by the board, reanalyzed the issue and incorporated the 2002 decision. See G. L. c. 30A, § 14 (1).

the board argues that the hearing examiners properly concluded that the plaintiff's military conviction is a "like violation" sex offense under G. L. c. 6, § 178C, and seeks reinstatement of the board's 2002 classification of the plaintiff as a level two sex offender.[5]

2.  Discussion.  a.  Standard of review.  Judicial review of a board decision is governed by G. L. c. 30A, § 14, and is "confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court."  G. L. c. 30A, § 14 (5).  See G. L. c. 6, § 178M.  A reviewing court will not disturb the board's decision unless that decision was (a) in violation of constitutional provisions; (b) in excess of the board's authority; (c) based on an error of law; (d) made on unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the judge, where the judge is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.  G. L. c. 30A, § 14 (7).

---

[5] The plaintiff's arrest in May, 2009, did not result in a conviction, and after the hearing examiner's reclassification in 2010, the Appeals Court determined that reclassification without a conviction exceeds the board's statutory authority.  See Doe, Sex Offender Registry Bd. No. 16748 vs. Sex Offender Registry Bd., 82 Mass. App. Ct. 152, 162 (2012).  The board therefore seeks the reinstatement of the level two classification instead of the level three classification.

See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., ante 102, 108-109 (2014).  In conducting our review, we "give due weight to the experience, technical competence, and specialized knowledge" of the board.  G. L. c. 30A, § 14.

b.  "Like violation" analysis.  The board argues that the judge erred in concluding that the plaintiff is not a sex offender as defined in G. L. c. 6, § 178C, and is not subject to the board's jurisdiction.  The judge found that the plaintiff's conviction under art. 134, a "non-specific" provision of the code, could not be a like violation under the elements-based test required by Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010) (Doe No. 151564).[6]  For the reasons explained below, we conclude that the judge's ruling was erroneous.

---

[6] The Superior Court judge also considered constitutional differences between military and civilian proceedings in analyzing whether an art. 134 conviction could be a "like violation" to a Massachusetts sex offense.  We do not consider any such differences to be material to the "like violation" analysis.  The United States Supreme Court has upheld the constitutionality of art. 134.  Parker v. Levy, 417 U.S. 733, 757-758 (1974).  The Court also has noted that Congress had the power under Federal laws to make sex offender registration a consequence of a military conviction.  United States v. Kebodeaux, 133 S. Ct. 2496, 2503 (2013).  The Legislature explicitly included convictions under military authority in the pool of offenses subject to sex offender registration.  See G. L. c. 6, § 178C.  Accordingly, we discern no constitutional infirmities in the analysis of an art. 134 conviction as a "like violation."

We begin our analysis with the statutory definition of a sex offender. "A sex offender is defined as a person who has been convicted of any violation of Massachusetts law enumerated as a sex offense in the sex offender registry law, as well as any 'like violation of the laws of [a military authority].'" Doe No. 151564, supra at 615, quoting G. L. c. 6, § 178C. This definition reflects a decision by the Legislature in 1999 to expand the "sex offender" definition to include not only the enumerated sex offenses under Massachusetts law and "a like violation of the law of another state," but also "a like violation of . . . the United States or a military, territorial or Indian tribal authority." Compare G. L. c. 6, § 178C, as amended by St. 1999, c. 74, § 2, with G. L. c. 6, § 178C, inserted by St. 1996, c. 239, § 1.[7] We first had the opportunity

---

[7] The Massachusetts sex offender registry scheme was first enacted in 1996 in response to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, which was enacted by Congress in 1994 to establish guidelines for State sex offender registration. See G. L. c. 6, §§ 178C-178O, inserted by St. 1996, c. 239, § 1. See also 42 U.S.C. § 14071, Pub. L. No. 103-322, Title XVII, § 170101, 108 Stat. 2038 (1994) (repealed and replaced by 42 U.S.C. §§ 16901 et seq.) (Wetterling Act). In 1997, Congress amended the Wetterling Act to extend State registration requirements to sex offenders convicted of a Federal offense or sentenced by a court martial. Pub. L. No. 105-119, § 115(a)(2)(F), 111 Stat. 2463 (1997). The Legislature enacted a replacement sex offender registry scheme in 1999 that expanded the definition of "sex offender" and corrected several infirmities noted by this court in the prior version. St. 1999 c. 74, §§ 1-20. See Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 755 (2006).

to interpret the undefined term "like violation" in Doe No.
151564, where we adopted an elements-based approach.  We
determined that the applicable test is whether the "elements [of
the foreign conviction] are the same or nearly the same as an
offense requiring registration in Massachusetts" and explicitly
rejected the board's argument that it could consider the conduct
underlying a conviction in the "like violation" analysis.  Doe
No. 151564, supra at 615, 618.  Our concern was that offenders
have sufficient "notice and clarity about whether registration
is required." Id. at 618.

The plaintiff's argument that he is not a sex offender
flows from our holding in Doe No. 151564, supra, requiring
congruity between the elements of a sex offense in violation of
the laws of another jurisdiction and a Massachusetts sex
offense.  To support this argument, the plaintiff seizes on the
fortuitous absence of a provision in the code criminalizing the
nonviolent sex offenses[8] underlying the art. 134 charge.  This
argument is facially plausible because art. 134 itself is a
general article and has no corollary to a Massachusetts sex

---

[8] Congress enacted a statute in 2012 to criminalize
nonviolent sex offenses under a specific provision, art. 120c,
of the code.  10 U.S.C. § 920c (2012).  Article 134 may only be
used to criminalize conduct not covered by another article of
the code.  United States v. Kowalski, 69 M.J. 705, 706 (C.G. Ct.
Crim. App. 2010).  Accordingly, nonviolent sex offenses are now
prosecuted under art. 120c.

offense.[9]  As a consequence, the plaintiff argues, the specifications setting forth the particular provisions[10] of Federal criminal law underlying the art. 134 charge may not be considered under the elements-based test in Doe No. 151564, supra at 615.  The board argues that the plaintiff's guilty plea to the general provision of art. 134 incorporates the underlying specifications and elements of the Federal offenses stated therein, which in turn are like violations of Massachusetts law. Resolution of the issue requires us to examine relevant provisions of the code for guidance in discerning the proper status of specifications.  As explained below, we are persuaded that the board's argument is more consistent with the treatment of convictions for nonviolent sex offenses under military law. See United States v. Medina, 66 M.J. 21, 22 (C.A.A.F. 2008).

First, the specifications are part and parcel of the art. 134 charge against the plaintiff.  Contrary to the plaintiff's contention, a court martial for a violation of art. 134 does not rest solely on the general terms of the article.  "In military

---

[9] Article 134, the general provision, is characterized as "non-specific" because it serves a catchall purpose, allowing for prosecution of crimes and offenses that are not specifically provided for in a different article of the code.  10 U.S.C. § 934 (2012).  At the time of the plaintiff's offenses, the code did not expressly criminalize the nonviolent sex offenses underlying the art. 134 charge.

[10] See 18 U.S.C. §§ 1465, 2252(a)(1), 2252(a)(2) (1994 & Supp. V 1999).

justice, a charge consists of two parts:  the 'charge' --
typically, a statement of the article alleged to have been
violated -- and the 'specification' -- the more detailed
description of the conduct allegedly violative of the article."
United States v. Fosler, 70 M.J. 225, 227 n.2 (C.A.A.F. 2011).
Particularly for art. 134, which allows for prosecution of a
broad range of conduct,[11] the general language of the charge "is
made specific through the language of a given specification."
Fosler, supra at 229, quoting United States v. Jones, 68 M.J.
465, 472 (C.A.A.F. 2010).  Because a prosecution may be
initiated under art. 134 where the code does not contain a
provision criminalizing the conduct at issue, the specifications
also are essential in providing notice of the charge.[12]
Accordingly, given the status of specifications in the scheme of
military prosecutions under art. 134, the hearing examiners

---

[11] In addition to prosecution of noncapital crimes or
offenses, art. 134 allows for prosecution of "disorders and
neglects to the prejudice of good order and discipline" and
conduct "of a nature to bring discredit upon the armed forces."
10 U.S.C. § 934 (2012).

[12] This notice function of the specifications squares with
our concern in Doe, Sex Offender Registry Bd. No. 151564 v. Sex
Offender Registry Bd., 456 Mass. 612 (2010), that the potential
registrant have sufficient "notice and clarity about whether
registration is required."  Id. at 618.

properly considered those specifications in determining whether the plaintiff is a sex offender under G. L. c. 6, § 178C.[13]

Second, elements of any Federal offenses underlying an art. 134 charge become part of the charge when they are described in specifications detailing a violation for "crimes and offenses not capital" under clause three of art. 134. Medina, supra at 25 ("A clause 3 offense, of course, incorporates the elements of the federal offense in question"). This rule applies here where the specifications demonstrate that the plaintiff was charged under art. 134's clause three, crimes and offenses noncapital. See United States v. Vines, 57 M.J. 519, 527 (C.A.A.F. 2002) ("Typically, a specification drawn under clause 3 will allege facts essential to prove the charged offense, and a citation to the federal statute in question"). Accordingly, the plaintiff's conviction under art. 134 incorporates the elements of the

---

[13] Our interpretation is consistent with other jurisdictions that have decided similar issues. See Rodimel v. Cook County Sheriff's Office, 354 Ill. App. 3d 744, 744, 746-747 (2004) (holding that art. 134 conviction based on indecent assault "substantially equivalent" to Illinois sex offense under elements-based test). See also People v. Gillotti, 23 N.Y.3d 841 (2014) (art. 134 conviction predicated on possession of child pornography requires registration under New York's sex offender registration statute). But see People v. Kennedy, 7 N.Y.3d 87 (2006) (vacating sex offender status because art. 134 conviction predicated on "indecent assault" specification that did not cite applicable Federal offense or list elements of crime did not provide sufficient detail to determine whether it was felony requiring registration in jurisdiction where conviction occurred).

underlying Federal offenses described in its specifications.[14]
See Medina, supra. For this reason, we conclude that the judge
erred in his determination that the board lacked jurisdiction
over the plaintiff. The plaintiff's art. 134 conviction is a
"like violation" because it incorporates elements of Federal
offenses that were "the same or nearly the same as an offense
requiring registration in Massachusetts." Doe No. 151564, supra
at 615.

Last, we deal briefly with the plaintiff's argument that
United States v. Brown, 529 F.3d 1260 (10th Cir. 2008),
precludes consideration of the underlying specifications. It
does not. In Brown, the United States Court of Appeals for the
Tenth Circuit declined to consider the Federal offense described
in a specification underlying an art. 134 conviction as a
"conviction" triggering sentencing enhancement under 18 U.S.C.
§ 2252A(b)(2) (2006). Id. at 1261, 1263. The underlying

---

[14] See, e.g., G. L. c. 272, § 29B (dissemination of child
pornography), and § 29C (purchase or possession of child
pornography), which we assume to be congruent with the Federal
statutes under which the plaintiff was charged, 18 U.S.C.
§ 2252(a)(1), 2252(a)(2). The plaintiff does not argue that the
elements of the stated Federal offenses are not themselves "the
same or nearly the same" as the elements of Massachusetts sex
offenses, and accordingly we assume without deciding that the
above is correct. See Mass. R. A. P. 16 (b), as appearing in
411 Mass. 1602 (1992). In the 2010 decision, the hearing
examiner also determined that 18 U.S.C. § 1465 was "respectively
equivalent to the Massachusetts sex offense[] of . . . G. L.
c. 272, § 29"; however, we do not assume that 18 U.S.C. § 1465
is a "like violation" because G. L. c. 272, § 29, is not an
enumerated Massachusetts sex offense under G. L. c. 6, § 178C.

specification described distributing child pornography in violation of 18 U.S.C. § 2252 (2006). Id. at 1262. The plain language of the sentencing enhancement provision identified certain applicable convictions that could serve as sentencing enhancers, and art. 134 was not included; therefore, the court concluded that an art. 134 conviction could not be a sentencing enhancer.[15] Id. at 1263.

The question posed to the court in the Brown case is substantially different from the one posed here. The sentencing enhancement provision required that the petitioner be "convicted" of certain applicable offenses. Id. The question on review in this case, however, asks only whether the elements of the crime or crimes underlying the conviction are sufficiently similar to the elements of a Massachusetts sex offense. See Doe No. 151564, supra at 615. The court in Brown noted that "the military court assimilated the elements of the crime from [18 U.S.C.] § 2252 -- a federal child pornography statute" -- into art. 134, but such assimilation did not create

---

[15] The sentencing enhancement provision included military offenses under art. 120 but excluded art. 134. The court determined that this was not irrational because "Congress could have quite rationally desired that soldiers convicted in a court martial for [violent sexual acts under art. 120] be punished more severely for later offenses" and because Congress has been expanding the list of permissible enhancers by increasing the sexual offenses punishable under art. 120, which were previously only punishable under art. 134. United States v. Brown, 529 F.3d 1260, 1266 (10th Cir. 2008).

a conviction of the underlying offense. <u>Brown</u>, <u>supra</u> at 1263. Accordingly, <u>Brown</u> does not detract from our determination that the elements of a Federal offense underlying an art. 134 conviction may be considered in the "like violation" analysis.

4. <u>Conclusion</u>. Because the specifications are integral to an art. 134 charge and the elements of the underlying offenses are assimilated into the art. 134 charge, we conclude that the judge erred in ruling that the plaintiff is not a sex offender subject to G. L. c. 6, § 178C. Consequently, we vacate the judgment and remand the case to the Superior Court for reinstatement of the plaintiff's level two classification.

<u>So ordered</u>.