NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-926                                    Appeals Court

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 376575  vs.  SEX OFFENDER REGISTRY BOARD.

No. 14-P-926.

Suffolk.     October 20, 2016. - December 22, 2016.

Present:  Hanlon, Sullivan, & Blake, JJ.

Sex Offender.  Sex Offender Registration and Community Notification Act.  Jurisdiction, Sex offender.  Evidence, Sex offender.  Obscenity, Child pornography.

Civil action commenced in the Superior Court Department on December 18, 2012.

The case was heard by Paul D. Wilson, J., on a motion for judgment on the pleadings; a motion for reconsideration was considered by him; and a motion for postjudgment relief, filed on April 30, 2015, was heard by him.

Christopher M. Bova for the defendant.
Jay G. Hook for the plaintiff.

BLAKE, J.  While he was in the United States Army, John Doe No. 376575 (Doe or plaintiff) was convicted by general court martial of possession of child pornography in violation of art. 134, 10 U.S.C. § 934 (2012), the "general" provision of the

Uniform Code of Military Justice (code). Following his release from military confinement, the sex offender registry board (board) classified Doe as a level two sex offender. Doe sought review in the Superior Court, where the judge concluded that the board lacked jurisdiction over Doe because his conviction under art. 134 was not a "like violation" sex offense requiring registration. See G. L. c. 6, §§ 178C-178P (sex offender registration statute). The board now appeals. We conclude that, under the circumstances here, where Doe had notice of and subsequently pleaded guilty to possession of child pornography under 18 U.S.C. § 2252 (2012), the art. 134 conviction was a "like violation" such that it constitutes a sex offense under G. L. c. 6, § 178C. We vacate the judgment.[1]

1. Background. We summarize the facts found by the hearing examiner, supplemented by undisputed facts from the record. After a soldier stationed with the plaintiff observed what he believed to be child pornography on the plaintiff's computer, he notified his commander, who initiated an investigation. A "U.S. Army Criminal Investigation Command" final investigation report (investigation report), dated January

---

[1] We also remand for the entry of an order requiring the board to conduct a hearing consistent with the standard enunciated in Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314-316 (2015). See Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 89 Mass. App. Ct. 901, 902 (2016).

6, 2012, states that probable cause had been established to believe that the plaintiff had "committed the offense of Possession of Child Pornography when his personal computer was forensically examined, and multiple images of child pornography were discovered." The investigation report further notes that Federal statutes "18 U.S.C. [§] 2251: Sexual Exploitation of Children[, and] 18 U.S.C. [§] 2252: Possession of Child Pornography," are implicated. Included on the distribution list of the investigation report is the plaintiff's military trial counsel.

At some point following the commencement of the investigation, a charge issued alleging a violation of art. 134. Presumably accompanying that charge, but not included in the record here, was a "specification" detailing the underlying offenses the plaintiff was alleged to have committed. In March, 2012, the plaintiff pleaded guilty to a violation of art. 134 for possession of child pornography. His sanctions included four months of confinement, a reduction in military grade, and a lifetime forfeiture of his pay. Upon his release from confinement, the plaintiff initialed and signed a form entitled "Notice of Release/Acknowledgment of Convicted Sex Offender Registration Requirements."

In August, 2012, the board notified the plaintiff of its finding that he must register as a level two sex offender. In

response, the plaintiff requested a hearing before the board, which was held in November, 2012. At the hearing, counsel for the plaintiff submitted a motion to dismiss for lack of jurisdiction. The plaintiff did not otherwise participate, electing not to testify or submit any documentary evidence. By decision dated December 7, 2012, the hearing examiner determined that the plaintiff's art. 134 conviction was a "like violation" of the Massachusetts crime of possession of child pornography, G. L. c. 272, § 29C. The hearing examiner further concluded that Doe posed a moderate risk to reoffend and a moderate degree of dangerousness, requiring him to register as a level two second offender.

Unsatisfied with the outcome of the hearing, the plaintiff filed a complaint for judicial review in the Superior Court, followed by a motion for judgment on the pleadings. Therein, he again argued that the board lacked jurisdiction because his conviction was not a "like violation" of any of the offenses enumerated in G. L. c. 6, § 178C. The judge agreed, concluding that because art. 134 "contains no overlapping elements with G. L. c. 272, § 29C, . . . [the plaintiff's] conviction under the broad, catchall terms of Article 134 did not provide him with adequate notice . . . of his obligation to register." He accordingly ordered that judgment enter terminating the plaintiff's obligation to register, and dismissing the board's

classification proceedings for lack of jurisdiction.  The board moved for reconsideration, which the judge denied.

In 2015, the Supreme Judicial Court issued its decision in Doe, Sex Offender Registry Bd. No. 34186 v. Sex Offender Registry Bd., 470 Mass. 554 (2015) (Doe No. 34186), in which it held that conviction of the plaintiff in that case under art. 134 for dissemination and possession of child pornography was a "like violation" requiring registration as a sex offender.  Id. at 556, 561.  Based on that holding, the board here filed a motion for relief from judgment, which the judge likewise denied.  This appeal followed.

2.  Standard of review.  The board's final classification of a sex offender is subject to judicial review under G. L. c. 30A, § 14.  See G. L. c. 6, § 178M; Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108 n.3 (2014) (Doe No. 68549).  Such review is "confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court."  G. L. c. 30A, § 14(5), as amended by St. 1973, c. 1114, § 3.  "A reviewing court will not disturb [the board's] decision unless that decision was (a) in violation of constitutional provisions; (b) in excess of [the board's] authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial

evidence; (f) unwarranted by facts found by the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. G. L. c. 30A, § 14(7)." Doe No. 68549, supra at 108-109. In conducting our review, we "give due weight to [the] experience, technical competence, and specialized knowledge" of the board. Ibid., quoting from G. L. c. 30A, § 14(7).

3. Discussion. As in Doe No. 34186, the outcome in this case turns on whether Doe's military conviction under art. 134 is a "like violation" requiring registration under G. L. c. 6, § 178C. We begin by examining the meaning of a "like violation" in the context of the sex offender registration statute, turning next to a discussion of Doe No. 34186, and finally applying its holding to the facts present here.

"A sex offender is defined as a person who has been convicted of any violation of Massachusetts law enumerated as a sex offense in the sex offender registry law, as well as any 'like violation of the laws of another [jurisdiction].'" Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010) (Doe No. 151564), quoting from G. L. c. 6, § 178C. A "like violation" may include a conviction in another State, as well as "a like violation of the laws . . . the United States or a military, territorial or Indian tribal

authority." G. L. c. 6, § 178C, as amended by St. 1999, c. 74, § 2. See Doe No. 34186, 470 Mass. at 558.

The term "like violation" itself, however, is not defined in the sex offender registration statute. In Doe No. 151564, supra at 615-616, the Supreme Judicial Court adopted an elements-based definition of the term, holding that "[a] 'like violation' is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts. The elements of the offense in another jurisdiction need not be precisely the same as the elements of a Massachusetts sex offense in order for it to constitute a 'like violation.'"

In reaching its decision, the Doe No. 151564 court explicitly rejected any consideration of the conduct underlying a conviction in making the "like violation" determination. Id. at 618. Among other reasons given, the court noted that because the statute authorizes criminal penalties for those who fail to register within two days of relocating to the Commonwealth, offenders must have sufficient "notice and clarity about whether registration is required." Id. at 618, citing Commonwealth v. Maxim, 429 Mass. 287, 292 (1999) (due process requires that criminal statutes give person of ordinary intelligence fair notice that his contemplated conduct is forbidden).

Given this elements-based approach, we now turn to the Supreme Judicial Court's decision in Doe No. 34186, supra. As we have stated, in that case, as here, the court was presented with the question whether an art. 134 conviction was a "like violation" for the purposes of the sex offender registration statute.[2] Article 134 is the general provision in the code used in court martial proceedings when there is no analogous military crime for a Federal offense.[3] See United States v. Saunders, 59 M.J. 1, 6 (C.A.A.F. 2003); Manual for Courts-Martial, United States, part IV, par. 60.c (2012). Possession of child pornography is one of those Federal crimes for which there is no analogous military counterpart. See, e.g., United States v. Kuemmerle, 67 M.J. 141, 142 (C.A.A.F. 2009). See also Doe No. 34186, supra at 559 (noting "the fortuitous absence of a provision in the code criminalizing the nonviolent sex offenses" such as possession of child pornography).

---

[2] Doe No. 34186 involved the offenses of dissemination and possession of child pornography. 470 Mass. at 556. The plaintiff in this case was convicted only of possession of child pornography.

[3] Article 134 makes punishable the military crimes of "[1] all disorders and neglects to the prejudice of good order and discipline in the armed forces, [2] all conduct of a nature to bring discredit upon the armed forces, and [3] crimes and offenses not capital, of which persons subject to this chapter may be guilty." Manual for Courts-Martial, United States, part IV, par. 60 (2012).

Because of its general nature, the plaintiff in Doe No. 34186 argued, as does the plaintiff here, that his conviction fails the elements-based test of Doe No. 151564 because there are no corresponding elements between the statutes (art. 134 and G. L. c. 272, §§ 29B and 29C). Upon examination of the components of a military charge, the court disagreed. "In military justice, a charge consists of two parts: the 'charge' -- typically, a statement of the article alleged to have been violated -- and the 'specification' -- the more detailed description of the conduct allegedly violative of the article." Doe No. 34186, supra, quoting from United States v. Fosler, 70 M.J. 225, 227 n.2 (C.A.A.F. 2011). Viewing the specification as part and parcel of the military charge, wherein the plaintiff in Doe No. 34186 was alleged to have committed violations of 18 U.S.C. § 2252, the court concluded that "the plaintiff's guilty plea to the general provision of art. 134 incorporates the underlying specifications and elements of the Federal offenses stated therein, which in turn are like violations of Massachusetts law." Doe No. 34186, supra at 559.

Although the record here does not include the underlying specification, as it did in Doe No. 34186, we do not end our inquiry there. By extending the same principles relied on in that case, we reach the same conclusion that, under the circumstances here, the art. 134 conviction constitutes a "like

violation."  In the absence of a specification,[4] we look to the record, which amply supports the conclusion that the plaintiff was on notice that his guilty plea incorporated both the art. 134 violation and the elements of the specific offense of possession of child pornography in violation of 18 U.S.C. § 2252.  The investigation report, distributed to the plaintiff's trial counsel, identifies two Federal statutes the plaintiff is alleged to have violated.  Ultimately, the military prosecuted (or "referred") the plaintiff only as to one, possession of child pornography.  A form entitled "Commander's Report of Disciplinary or Administrative Action" indicates the referral for the offense of "Possession of Child Pornography" with a "Basis" listed as "UCMJ Article 134."  The same report further indicates the plaintiff's guilty plea to the same charged offense.  Thus, at the time of the plea, and well before, both the violation of art. 134 and the elements of the underlying Federal offense of possession of child pornography, 18 U.S.C. § 2252, were apparent on the record and known to the plaintiff.

The Federal statute, 18 U.S.C. § 2252, and the Commonwealth's statute, G. L. c. 272, § 29C, prohibit

---

[4] At oral argument, counsel for the board indicated that it had unsuccessfully attempted to secure the specification from the military.  According to counsel, the situation here is not an uncommon one.

essentially the same crime:  knowing possession of a computer depiction of a child under the age of eighteen engaging in sexually explicit conduct.  See Commonwealth v. Bell, 83 Mass. App. Ct. 82, 87 (2013).[5]  For the purposes of registration as a sex offender, the hearing examiner properly concluded that the elements of each statute are nearly the same.  Thus, the plaintiff's military conviction is a "like violation" pursuant to G. L. c. 6, § 178C, which requires registration.  See Doe No. 34186, supra at 561.

Moreover, where the ultimate concern in this analysis lies in sufficient "notice and clarity about whether registration is required" due to the potential of criminal penalties, Doe No. 151564, supra at 618, it is noteworthy that upon the plaintiff's release from confinement, he signed a form acknowledging his receipt of notice of his obligation to register as a sex offender.  Further, the form notified the plaintiff that his need to register was triggered by his conviction for possession

---

[5] We reject the plaintiff's contention that the additional requirement in Massachusetts that a defendant know that the subject of pornography is less than eighteen years old causes the two statutes to fail the elements-based test.  Identical elements are not required, only elements that are "the same or nearly the same."  Doe No. 15164, supra at 615 (quotation omitted).  See Commonwealth v. Bell, 83 Mass. App. Ct. at 87 ("Where we are to focus on the essence of the crime at issue rather than require a 'like violation' to have identical elements, it would make little sense to then insist that the Commonwealth establish that in every respect the proof required for each element of the offense in each jurisdiction must be identical").

of child pornography.  Thus, on the specific facts of this case, the plaintiff did not lack notice either of his obligation, or of the specific offense triggering that obligation.

4.  Conclusion.  The judgment is vacated and the case is remanded to the Superior Court for entry of an order requiring the board to conduct a new hearing under the clear and convincing evidence standard.[6]  See note 1, supra.  The order denying the motion for relief from judgment is vacated.

So ordered.

---

[6] We have considered the arguments raised by the plaintiff but note that he has not cross-appealed.  In view of our decision to remand the matter to the board for a new hearing, we need not reach the constitutional questions he raises.