■ The People of the State of New York, Respondent, v Derek Hahn, Appellant. [52 NYS3d 899]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 11, 2016, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed.

The defendant is a former United States Navy service member who was found guilty after a court martial of rape in violation of article 120 (a) (2) of the Uniform Code of Military Justice (10 USC § 920 [a] [2]). Following a hearing, the County Court determined that the defendant's military conviction required him to register as a sex offender in New York pursuant to Correction Law § 168-a (2) (d) (i), and designated him a level one sex offender.

As relevant to this appeal, Correction Law § 168-a directs that a person convicted of an offense in a foreign jurisdiction is required to register in New York when the foreign offense contains "all of the essential elements" of a New York offense that is subject to registration (Correction Law § 168-a [2] [d] [i]), or when the subject offense is "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (Correction Law § 168-a [2] [d] [ii]; see Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 748-749 [2007]).

On appeal, the defendant's sole contention is that he was not required to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (ii) because the People failed to establish that he was required to register as a sex offender with the Navy. Although the People correctly concede that the defendant's military conviction did not require him to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (ii) because the Navy does not maintain a sex offender registry (see Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d at 749; People v Kennedy, 7 NY3d 87 [2006]), in this case the County Court determined that the defendant was required to register as a sex offender pursuant to Correction Law § 168-a (2) (d) (i). As the Court of Appeals has noted, Correction Law § 168-a (2) (d) (i) "remains available" as a basis for requiring military offenders to register if the People can prove that the subject military offense "includes all of the essential elements provided for in the New York statutes

described in that subsection" (*People v Kennedy*, 7 NY3d at 92). The defendant raises no challenge to the court's determination that the military offense of which he was convicted includes all of the essential elements of a New York offense for which registration is required. Under these circumstances, the court properly determined that the defendant is required to register as a sex offender in New York. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.