People v Sherlock (2025 NY Slip Op 02966)

People v Sherlock

2025 NY Slip Op 02966

Decided on May 15, 2025

Court of Appeals

Cannataro, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2025

No. 51 

[*1]The People & c., Respondent,
v
Daniel Sherlock, Appellant.

Lisa Marcoccia, for appellant. 
Lauren Tan, for respondent.
The Legal Aid Society et al., amici curiae.

CANNATARO, J.

The primary issue on this appeal from a Sex Offender Registration Act (SORA) risk assessment determination is whether defendant was properly designated as a sexually violent offender under Correction Law § 168-a (3). SORA defines three circumstances under which such a designation is appropriate. Relevant here is the third circumstance: where a defendant stands convicted of "a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (Correction Law § 168-a [3] [b]). A plain reading of the statutory language, and application of our precedent in this area, establish that defendant was not required to register as a sex offender in the jurisdiction in which his conviction occurred and, therefore, was improperly designated as sexually violent.
I.
Defendant was convicted in federal court of possession of child pornography. Prior to his release from federal prison, a SORA risk assessment hearing was held in County Court. In anticipation of the hearing, the Board of Examiners of Sex Offenders prepared a risk assessment instrument which presumptively designated defendant a level one offender, the lowest risk level classification. The Board of Examiners made no recommendation with respect to defendant's designation as a sexually violent offender.
The People prepared their own risk assessment instrument designating defendant as a presumptive level two sex offender, assessing additional points for both the number and age of defendant's victims, as well as defendant's lack of relationship with any of the victims. The People further requested that the court designate defendant a [*2]sexually violent offender pursuant to Correction Law § 168-a (3) (b), based on his conviction in federal court under a federal criminal statute.
In support of their risk level assessment, the People presented evidence, in the form of an investigatory report, indicating that defendant possessed a total of 86 child pornography images, 40 of which were from the "Tweety series," a collection of images depicting three children, ranging in age from 8 to 14 years in a variety of sexual and sexualized contexts. Defendant was also in possession of 11 child pornography images depicting another named victim, as well as 35 additional pornographic images depicting unidentified child victims. The report also explained that defendant's computer contained evidence of recently deleted files with names suggesting they contained additional pornographic content depicting children, with one such file strongly indicating that its subject was eight years old.
County Court assessed defendant 85 points resulting in a level two risk classification. The court found that the People had met their burden of showing that defendant possessed photos depicting at least three different victims thus warranting an assessment of 30 points under risk factor three (number of victims), and that he possessed at least one photo of a victim under the age of 10 warranting an assessment of 30 points under risk factor five (age of victims). The court also determined that, because defendant was convicted in a foreign jurisdiction, he should be designated a sexually violent offender pursuant to Correction Law § 168-a (3) (b), and further denied defendant's request for a downward departure.
The Appellate Division unanimously affirmed, holding that defendant was properly designated a sexually violent offender under Correction Law § 168-a (3) (b) (224 AD3d 709 [2d Dept 2024]). We granted defendant's motion for leave to appeal and now modify the order of the Appellate Division to the extent of removing defendant's sexually violent offender designation.
II.
At issue here is the "foreign registration clause" of Correction Law § 168-a (3) (b), which defines a sexually violent offense as one based on a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred."[FN1]
We recently recognized that this statute is problematic in that it imposes higher burdens on non-violent sex offenders convicted in a foreign jurisdiction relative to defendants convicted of similar offenses in New York (see People v Talluto, 39 NY3d 306, 313 [2022]). Nonetheless, we held in Talluto that because the language of the statute is "clear and unambiguous" it must be applied to sex offenders convicted in foreign jurisdictions according to its terms (id. at 314-315).
Applying the clear and unambiguous statutory language in this case, defendant cannot be designated as "sexually violent" because he was not required to register as a sex offender in the jurisdiction in which his conviction occurred. This is so because the federal government does not maintain a sex offender registry of the sort that states are required to operate by federal mandate. Although the federal government maintains two sex offender databases, the information contained in them merely represents a collection of registration information acquired from registries maintained by individual state and territorial jurisdictions (see 34 USC § § 20921; 20922). Further, although federal law requires sex offenders convicted of federal sex offenses to register in each jurisdiction where they live, work or go to school (34 § USC 20913[a]), significantly, for purposes of this statutory scheme, the law defines "jurisdiction" as a state or territory and contains no requirement that federally-convicted sex offenders register with the federal government (34 USC § 20911 [10]).
In People v Kennedy, we considered whether an individual convicted of a sex crime by a Naval Court Martial was required to register as a sexually violent offender as a result of their conviction in a foreign jurisdiction (7 NY3d 87, 89-90 [2006]). We observed that the foreign registration clause "requires that the conviction result in the offender's obligation to register in the 'other jurisdiction' i.e., where defendant was convicted—here the United States Navy" (id. at 91)[FN2]. Thus we held that, because defendant was not required to register as a sex offender with [*3]any Naval authority, he was not required to register in New York under Correction Law § 168-a. Similarly, as defendant here was not required to register as a sex offender with the federal government, he was improperly designated as a sexually violent offender under Correction Law § 168-a (3) (b).
Finally, the addition of 18 USC § 2252A (under which defendant was convicted) to New York's definition of sex offense (Correction Law § 168-a [2] [d] [iii]), but not to the definition of sexually violent offense (Correction Law § 168-a [3] [a]) confirms that those convicted of child pornography possession should be designated as "sex offenders" but not
"sexually violent offenders." Because by its plain terms the statutory definition of "sexually violent offender" does not apply to defendant, the Appellate Division's order should be modified to remove that designation.
III.
Turning to defendant's designation as a level two sex offender, because that determination was "expressly made under the proper evidentiary standard" and "affirmed by the Appellate Division, this Court's review is limited to whether the decisions below are affected by an error of law or are otherwise not supported by the record" (People v Lashway, 25 NY3d 478, 483 [2015]).
Here there was record support for County Court's determination both that defendant possessed photos of three or more victims justifying an assessment of 30 points under risk factor three, and that defendant possessed a photo of a victim under the age of 10 years old justifying an assessment of 30 points under risk factor five. Defendant possessed pornographic images depicting two specifically identified children, as well as many others where the victim was not identified. Additionally, defendant had recently deleted files from his computer with names indicating that they contained additional pornographic content depicting children, with one such file suggesting that its subject was eight years old.
County Court reasonably inferred based on the above that defendant possessed pornographic content from three or more victims, and that at least one victim was under the age of 10.
Finally, the Appellate Division did not abuse its discretion in denying defendant's request for a downward departure, and we affirm its decision on that point (see People v Anthony, 40 NY3d 976, 979 [2023]).
Accordingly, the order of the Appellate Division should be modified, without costs, in accordance with this opinion and, as so modified, affirmed.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed. Opinion by Judge Cannataro. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Troutman and Halligan concur.
Decided May 15, 2025

Footnotes

Footnote 1: Correction Law § 168-a (3) defines the three circumstances where a sexually violent offender designation is appropriate: (1) where a defendant is convicted under several specific provisions of the Penal Law; (2) where defendant is convicted of a foreign offense which includes the "essential elements" of those specifically enumerated crimes; and (3) the aforementioned "foreign registration clause."

Footnote 2: Kennedy dealt with nearly identical foreign registration language contained in Correction Law § 168-a (2) (d) which defines "sex offense."